UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TIMOTHY CARL SHANE                                                                                    PETITIONER

v.                                                                                   CIVIL ACTION NO. 3:11-CV-00643

CLARK TAYLOR, WARDEN                                                                            RESPONDENT

## MEMORANDUM OPINION

Petitioner Timothy Carl Shane filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Clark Taylor, Warden, filed a motion to dismiss. The matter was referred to Magistrate Judge Dave Whalin for findings of fact and recommendations on dispositive matters. Judge Whalin issued findings of fact and a recommendation that the petition be dismissed with prejudice and that Shane be denied a certificate of appealability. Shane has objected to Judge Whalin's findings of fact and recommendation. After reviewing the record, Judge Whalin's findings of fact and recommendation, and Shane's objections, the court will adopt Judge Whalin's findings of fact and recommendation. In addition, the court provides the following opinion to address certain issues raised by Shane's objections.

Initially, the court notes that the findings of fact section of Judge Whalin's opinion provides a thorough and accurate overview of the relevant facts and procedural history of this case. Thus, this court will not repeat those items in detail and will address them only as needed to address Shane's objections. Likewise, in light of Judge Whalin's thorough explanation of the standards for habeas review of state court convictions, the court will not further expound on those standards.

Shane advances three grounds for which he claims he is entitled to habeas relief. First, he contends that his rights under the Interstate Agreement on Detainers ("IAD"), codified in Kentucky at KRS § 440.450, were violated. Second, he argues that the prosecution acted vindictively in charging him with additional offenses after the Kentucky Supreme Court reversed his initial conviction. Third, Shane argues that his trial attorney was ineffective for failing to properly argue that Shane's rights under the IAD were violated and for entirely failing to argue the vindictive prosecution claim.

As to the IAD claim, Judge Whalin found that Shane was not entitled to habeas relief on the basis that Shane had not shown that a fundamental defect or complete miscarriage of justice occurred, such as is required to make an IAD violation a cognizable habeas claim. In his objections to that portion of Judge Whalin's ruling, Shane states, "The Jefferson Circuit Court didn't even have an evidentiary hearing, yet the Court claims that its decisions were made based on a hearing that[']s nowhere in the record." This court understands Shane to mean that Judge Whalin improperly relied upon the fact finding and procedural history section of the Circuit Court's decision in finding that Shane's had not shown that any alleged IAD violation constituted a fundamental defect. To provide crucial context to this issue, the court will present a brief summary of the relevant procedural history.

Shane was initially indicted in 2004. At the time, he was incarcerated in Colorado on unrelated charges. Pursuant to a notice of detainer under the IAD, Shane was returned to Kentucky to face trial. Shane's trial pursuant to the initial indictment commenced in October 2005, at which time Shane was convicted of first-degree burglary and acquitted of first-degree sodomy. The jury did not reach a verdict on a charge of first-degree rape. The Circuit Court sentenced Shane to 35

years' imprisonment in December 2005. Thereafter, Shane appealed his conviction. While his appeal was pending, Shane was returned to Colorado to continue serving his unrelated Colorado sentence.

On December 20, 2007, the Kentucky Supreme Court entered an opinion reversing Shane's conviction and remanding for a new trial; that opinion became final on February 12, 2008. Thereafter, the Commonwealth Attorney's Office obtained a new indictment against Shane , which added new charges that he had not previously faced. The Commonwealth Attorney's Office also issued a second notice of detainer for Shane's return to Kentucky to face a retrial. Shane requested a final disposition of that detainer and was returned to Kentucky. Prior to his retrial, Shane moved to dismiss the indictment, *inter alia*, because of an alleged violation of the IAD. There is no written record of the Circuit Court's disposal of that motion, nor is there any video recording or transcript of a proceeding in which the Circuit Court handled the motion.

Shane proceeded to a retrial and was convicted of first-degree rape, first-degree burglary, second-degree robbery, and first-degree unlawful imprisonment. Thereafter, Shane filed a postconviction motion in the Circuit Court arguing that his convictions should be vacated because they were obtained in violation of the IAD. The Circuit Court issued a written decision denying that postconviction motion. In doing so, the Circuit Court provided the following relevant facts:

> Shane was returned to Kentucky and arraigned on the new indictment in July 2008. The Court then scheduled a pretrial conference of September 3, 2008, and a trial date of October 1, 2008. No objection was raised to either date. Shane asked for and was appointed counsel, the Hon. Chuck Gray. Mr. Gray appeared with Shane on September 3, 2008, and all parties acknowledged the upcoming date, again without objection. On September 30, 2008, Shane appeared in Court pursuant to a motion to dismiss, in which counsel argued that the indictments should be dismissed because the Court had failed to try Shane within 180 days of when the Court issued a warrant for his arrest in March 2008. Additionally, Shane argued that once the Supreme Court reversed the conviction, the original detainer became active again, and started the 180 day clock running again. The Court denied the motion to dismiss, citing the language of the IAD, and ruling that the 180 day clock began to run on June 25,

> 2008, when Shane complied with the letter of the law and properly notified the Court and the Commonwealth of his desire to be returned to face the charges. Shane's counsel then moved to continue the trial of the case, citing the short period of preparation time between Shane's arraignment and the trial date. The Court granted the motion to continue, and the trial was scheduled for February 10, 2009. On that date, the Commonwealth was unable to proceed due to illness. While Shane objected to a continuance, counsel acknowledged that the prosecutor's illness was such that he would be unable to be present in court and suggested a relatively short continuance. The Court continued the case until April 20, 2009, and the case commenced to trial on that date.

The Circuit Court continued to reject the IAD claim in Shane's postconviction motion:

> Shane's argument, pursuant to CR 60.02, that the case must be dismissed for violation of the IAD also fails. Shane raised this issue following his first trial, which the Court declined to address while the case was on appeal. The issue was raised again by Shane almost immediately after he was reindicted and the Court held an extensive hearing on the issue the day before his October 2008 trial date. At that time, the Court found no violation of the IAD. Shane then moved for a continuance, waiving any further objection. Following the guilt phase of the second trial, Shane negotiated a 30 year sentence, and agreed to give up any appeal of the guilt phase. Shane did not reserve the right to appeal any procedural issues. The Court finds no reason to grant the extraordinary remedy of vacating the conviction pursuant to CR 60.02.

Shane appealed to the Kentucky Court of Appeals, again asserting his IAD claim. In reviewing the Circuit Court's recitation of its denial of Shane's pretrial motion to dismiss the indictment for a violation of the IAD, the Kentucky Court of Appeals stated in a footnote:

> There is nothing in the record before us supporting these findings by the circuit court. The September 30, 2008 hearing at which the court heard arguments concerning the alleged violations of the IAD, the court allegedly denied Shane's motion to dismiss, Shane's defense counsel moved for a continuance, and the court granted that motion[] is not in the record on appeal. In fact, the tape receipt that was filed in this Court on appeal specifying which hearings could be found at which part of the video record states as follows: "The arraignment on 4-5-09 [and] several motion hours were specified on the designation of record, however, it was the practice of Judge Conliffe to not record his motion hours." (Capitalization changed). Additionally, the court's denial of Shane's motion to dismiss, Shane's motion for a continuance, and the court's granting of that motion were not reduced to writing. We remind the circuit court and the parties that the court speaks only through its written record. *See Holland v. Holland*, 290 S.W.3d 671, 675 (Ky. App. 2009). Regardless,

> because Shane's claims in the present appeal fail due to procedural errors on his part, we need not review the merits of his claims.

The Kentucky Court of Appeals proceeded to reject Shane's IAD claim on the ground that a motion pursuant to CR 60.02 was the wrong manner of raising such a claim before the Circuit Court. The Kentucky Court of Appeals stated that Shane should have presented that claim in a motion pursuant to RCr 11.42.

In the section of Judge Whalin's report and recommendation analyzing Shane's IAD claim, Judge Whalin, relying on the Circuit Court's statement of facts and procedural history in its decision denying Shane's postconviction motion, stated that the motion to continue made by defense counsel on September 30, 2008, the day before Shane's initial trial date, removed any claim of a fundamental defect or a miscarriage of justice. Moreover, Judge Whalin stated, when the prosecutor became ill and could not try the case in February 2009, the trial was delayed only a short time, until April 20 of that year. Shane's objection seems to take issue with those findings based on the Kentucky Court of Appeals' statement about the Circuit Court's failure to make an adequate written record as to its findings and decisions.

However, the court disagrees with the notion that the Kentucky Court of Appeals' opinion requires that this court disregard the Circuit Court's findings. Under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct" unless the petitioner rebuts that presumption by clear and convincing evidence. Although the Kentucky Court of Appeals noted the lack of a written record supporting the Circuit Court's statement of facts and procedural history in its order, the Kentucky Court of Appeals did not make any adverse findings or suggest that the Circuit Court's findings were untrue or inaccurate. The Kentucky Court of

Appeals simply expressed its dissatisfaction with the Circuit Court's failure to abide by state procedures mandating written orders and records of hearings.

Further, there is no reason to doubt the Circuit Court's findings. First, in its order denying Shane's postconviction motion to dismiss, the Circuit Court merely related aspects of the procedural history of the case – when and how the Circuit Court decided Shane's pretrial motion to dismiss for violation of the IAD and when and for what reason adjournments of the trial date were granted. The Circuit Court was clearly in a position to be aware of those matters and there is no reason to doubt that the Circuit Court was anything less than accurate in its recounting of them. Certainly, Shane does not provide any alternative explanation for what occurred between his return to Kentucky pursuant to the second detainer and his retrial, nor did he take issue in his brief before the Kentucky Court of Appeals with the Circuit Court's recitation of the procedural history. Accordingly, the court finds that the Circuit Court's statement of procedural history in its order denying Shane's postconviction motion is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). As Shane has not in any way rebutted that presumption, this court must accept the procedural history related by the Circuit Court when assessing Shane's IAD claim.

Moreover, Judge Whalin correctly found that Shane could not make the showing required to obtain habeas relief for an IAD claim. Federal habeas review of an alleged IAD violation is limited to determining whether the error was "a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994). Having reviewed Shane's filings in the state courts and in this court, it is clear that Shane has no legitimate argument that there was a violation of the IAD that could be qualified as a fundamental defect.

Shane's primary argument before the Circuit Court, Kentucky Court of Appeals, and this court stems from his belief that the timeliness of his retrial under the IAD should be measured relative to when he requested disposition of the initial detainer lodged by the Commonwealth Attorney's Office in 2004 (*see, e.g.*, Habeas Petition, DN 1-1 at 7-8), not relative to his request for disposition of the second detainer that was issued in 2008. However, the IAD had been fulfilled as to the initial detainer when Shane was brought to trial the first time, resulting in the conviction that was ultimately overturned by the Kentucky Supreme Court. Indeed, Article III of the IAD demands no more: it states only that a prisoner that requests final disposition of a detainer "be brought to trial" within one180 days after receipt of the request by the court and the prosecutor, with exceptions for necessary or reasonable continuances.

Instead, the relevant time period for Shane's retrial relates only to the second detainer issued for Shane's return to Kentucky after the initial conviction was reversed. The IAD commands that once the court and the prosecutor received Shane's request for final disposition of that second detainer, Shane be retried within 180 days, although a court is allowed to grant "any necessary or reasonable continuance" if good cause is shown in open court while the prisoner and his attorney are present. Shane's request for disposition of the second detainer was received by the court and the prosecutor on June 25, 2008. As the Circuit Court found, that is the date from which the timeliness under the IAD of Shane's retrial should be measured.

From June 25, 2008, it was more than 180 days until Shane's April 20, 2009 retrial. But Shane has made no showing that such a delay constituted a fundamental defect. Indeed, the retrial was initially set for October 1, 2008, within the 180-day period, but was continued at Shane's own request because his attorney had not yet had an opportunity to prepare for trial. Then, in February,

the trial court continued the case because the prosecutor was too ill to try the case. The continuance that time was short; the trial was rescheduled for April 20, 2009, which is when it commenced. The Circuit Court's decision makes clear that both of the continuances were granted in open court with Shane and his attorney present; moreover, both continuances could be characterized as "necessary or reasonable" and based on good cause. Accordingly, it would appear that there was no violation of IAD Article III at all. Certainly, the alleged violation cannot be characterized as a fundamental defect, because Shane has not made any sort of showing that he suffered prejudice from the alleged violation that would render it a miscarriage of justice, nor can the alleged violation be characterized as inconsistent with the "rudimentary demands of fair procedure." *Reed*, 512 U.S. at 348.[1]

We turn to Shane's other two claims: ineffective assistance and vindictive prosecution. Judge Whalin found that Shane had procedurally defaulted both of those claims. Shane argues in his objections that his procedural defaults should be excused because his attorney's performance was so deficient as to establish cause and prejudice for his procedural default. The United States Supreme Court has stated that "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" that must first be properly exhausted in a state court. *Edwards v. Carpenter*, 529 U.S. 446, 451-452 (2000).

As Judge Whalin rightly found, Shane procedurally defaulted his vindictiveness claim by failing to raise it on its merits in the trial court. Thus, when Shane raised the claim before the

---

[1] Shane also spends portions of his objections arguing that habeas review of his IAD claim was not procedurally barred, despite the Kentucky Court of Appeals' finding that Shane improperly raised his IAD claim in a motion pursuant to Kentucky Civil Rule 60.02 rather than a motion pursuant to Kentucky Rule of Criminal Procedure 11.42. However, in light of this court's finding that Shane's IAD claim affords Shane no habeas relief, this court will follow Judge Whalin's lead and reject the claim on the merits without addressing whether or not Shane procedurally defaulted the IAD claim.

Kentucky Court of Appeals, the Court of Appeals declined to consider the claim. Meanwhile, Shane procedurally defaulted his ineffective assistance of counsel claim by failing to raise it in the Kentucky Court of Appeals, even though he had raised it in the trial court. Thereafter, Shane never brought any claim in Kentucky courts that his attorney was ineffective for either failing to raise the vindictiveness claim on its merits in the trial court or failing to raise an ineffective assistance claim in the Kentucky Court of Appeals. Nor has Shane sought to establish cause for his failure to raise such a claim in Kentucky courts. Accordingly, he is prevented from asserting ineffective assistance as cause for those procedural defaults. *Edwards*, 529 U.S. at 451-453.

Finally, the court agrees with Judge Whalin's recommendation that Shane be denied a certificate of appealability. Under 28 U.S.C. § 2253(c), a habeas petitioner may obtain a certificate of appealability only if he "has made a substantial showing of the denial of a constitutional right." For a claim dismissed on the merits, a habeas petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For those claims dismissed on procedural grounds, a petition must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Shane has not met either of those standards here: his IAD claim is plainly meritless and the other claims were plainly procedurally defaulted.

A separate order will issue in accordance with this opinion.

February 1, 2013

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, pro se