UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TIMOTHY CARL SHANE                                                          PETITIONER

v.                                                    CIVIL ACTION NO. 3:11-CV-00643

CLARK TAYLOR, WARDEN                                        RESPONDENT

## **MEMORANDUM OPINION AND ORDER**

In an order dated February 1, 2013, this court adopted Magistrate Judge Dave Whalin's Findings of Fact, Conclusions of Law, and Recommendation dated July 24, 2012 and dismissed with prejudice Petitioner Timothy Carl Shane's petition for a writ of habeas corpus. The court also denied issuance of a certificate of appealability. Shane now moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) (DN 27).

As the court noted in its memorandum opinion accompanying the February 1, 2013 order dismissing Shane's habeas petition, Shane raised three claims in his petition: (1) that his rights under the Interstate Agreement on Detainers ("IAD"), codified in Kentucky at KRS § 440.450, were violated; (2) that the prosecution acted vindictively in charging him with additional offenses after the Kentucky Supreme Court reversed his initial conviction; and (3) that his trial attorney was ineffective for failing to properly argue that his rights under the IAD were violated and for entirely failing to argue the vindictive prosecution claim. The court found that the first claim was meritless and that the second and third claims had been procedurally defaulted. The court also rejected Shane's argument that he established cause and prejudice for the procedural defaults. In his motion to alter or amend, Shane – represented by counsel for the first time in this action – takes issue with

the court's holding that he did not show cause for procedurally defaulting his ineffective assistance of trial counsel claim.[1]

Shane's argument that he can establish cause for his default hinges on the following procedural history of his case: Shane was appointed an attorney to represent him as he sought to collaterally attack his conviction in the Jefferson Circuit Court. The post-conviction attorney filed in that court an RCr 11.42 motion to vacate Shane's conviction, arguing that trial counsel was ineffective for failing to raise a vindictive prosecution argument. After the Jefferson Circuit Court denied the RCr 11.42 motion, rejecting the claim of trial counsel ineffectiveness on its merits, post-conviction counsel filed a timely notice of appeal. However, prior to filing a brief before the Kentucky Court of Appeals, post-conviction counsel moved pursuant to KRS § 31.110 to withdraw from representing Shane on appeal from the denial of the RCr 11.42 motion.[2] The motion to withdraw was granted. Shane then filed a pro se brief in the Kentucky Court of Appeals, but the Kentucky Court of Appeals found that Shane's pro se appellate brief did not adequately raise his ineffective assistance of counsel claim. Thus, the Kentucky Court of Appeals did not address the issue on the merits. Consequently, this court found the claim procedurally defaulted. Shane contends that his post-conviction attorney's withdrawal constitutes cause for his default of the ineffective assistance of trial counsel claim.

---

[1] In his motion to alter or amend, Shane does not take issue with the court's finding that he was not entitled to habeas relief on his IAD claim. Further, he does not challenge the court's finding that he had not established cause for excusing his procedural default of the vindictive prosecution claim.

[2] KRS § 31.110(2)(c) guarantees counsel in a post-conviction proceeding unless the post-conviction attorney "determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his or her own expense."

It had previously been accepted in this Circuit that a claim of ineffective assistance of post-conviction counsel is insufficient to establish cause for a procedural default. *See Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 425 (6th Cir. 2003). That rule was premised on the Supreme Court's decision in *Coleman v. Thompson*, 501 U.S. 722 (1991). In that case, the Supreme Court stated:

> There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. Coleman contends that it was his attorney's error that led to the late filing of his state habeas appeal. This error cannot be constitutionally ineffective; therefore Coleman must bear the risk of attorney error that results in a procedural default.
>
> . . .
>
> Where a petitioner defaults a claim as a result of the denial of the right to effective assistance of counsel, the State, which is responsible for the denial as a constitutional matter, must bear the cost of any resulting default and the harm to state interests that federal habeas review entails. A different allocation of costs is appropriate in those circumstances where the State has no responsibility to ensure that the petitioner was represented by competent counsel. As between the State and the petitioner, it is the petitioner who must bear the burden of a failure to follow state procedural rules. In the absence of a constitutional violation, the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation . . . .

*Coleman*, 501 U.S. at 752-754 (internal citations and quotation marks omitted).

Then, in 2012, the Supreme Court decided two cases, *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) and *Maples v. Thomas*, 132 S.Ct. 912 (2012), that suggest that certain actions or absences of post-conviction attorneys may serve to establish cause to excuse a procedural default of a claim. Shane argues that his post-conviction attorney's withdrawal on appeal from the denial of the RCr 11.42 motion is sufficient to establish cause under both *Martinez* and *Maples*. The court, however, disagrees; instead, it finds that under the clear language of both of those cases, neither of them is applicable here.

In *Martinez v. Ryan*, 132 S.Ct. 1309, Martinez was convicted of crimes in an Arizona court and assigned an attorney for his direct appeal. While the direct appeal was pending, Martinez's attorney began a state collateral proceeding by filing a notice of post-conviction relief. Under Arizona law, Martinez was required to bring any ineffective assistance of trial counsel claims in that state collateral proceeding, rather than on direct appeal. However, Martinez's attorney did not ultimately put forth any claim of ineffective assistance of trial counsel in the state collateral proceeding, instead filing a statement that she found no colorable claims to raise in that proceeding. The state trial court gave Martinez time to file a *pro se* petition in support of collateral relief to raise any claims he believed his attorney overlooked, but he did not respond because, he later stated, he was unaware of the proceeding. The state trial court dismissed the action for postconviction relief. When, a year and a half later and represented by new counsel, Martinez filed a second notice of postconviction relief, this time advancing an ineffective assistance of counsel claim, his petition was dismissed based, in part, on an Arizona rule barring relief on a claim that could have been raised in a previous collateral proceeding. The Arizona Court of Appeals affirmed the denial of collateral relief on the same ground – that Martinez should have raised his claims in the first collateral proceeding – and the Arizona Supreme Court declined to review Martinez's appeal.

Martinez then filed a habeas petition in the United States District Court for the District of Arizona. Acknowledging that his ineffective assistance of counsel claim was denied in the state court pursuant to a well-established state procedural default rule, Martinez argued that his default should be excused because he had cause for it: his first post-conviction attorney's failure to raise the claim in the first notice of post-conviction relief. The District Court found that, under *Coleman*, Martinez could not establish cause. The Ninth Circuit, also citing *Coleman*, affirmed.

The Supreme Court reversed. It began its analysis by making clear that it was not deciding any constitutional issues, but instead was deciding only "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." *Martinez*, 132 S.Ct. at 1315. The Supreme Court proceeded to answer that question in the affirmative. *Id.* Its holding was based on the recognition that the right to effective assistance of counsel is "a bedrock principle in our justice system" and where an initial-review collateral proceeding provides the only opportunity for a prisoner to raise such a claim, the collateral proceeding functions, in essence, as a direct appeal of the claim. *Id.* at 1317. The Supreme Court explained that to properly present such claims, prisoners would likely need effective attorneys who could comply with the State's procedures, understand the substantive law, and investigate the claim in order to develop an evidentiary basis for it. *Id.* Thus, the Supreme Court explained:

> Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim.

*Id.* at 1318.

But the Supreme Court made clear in *Martinez* that its holding did not extend to claims of ineffective assistance of counsel on an appeal from an initial-review collateral proceeding. In that regard, the Supreme Court emphasized the narrow nature of its holding in *Martinez*:

> The rule of *Coleman* governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, *including appeals from initial-review collateral proceedings*, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding

> beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

*Id.* at 1320 (internal citations omitted) (emphasis added) . Here, Shane's sole argument as to cause for his procedural default is predicated on his post-conviction attorney's alleged ineffectiveness on appeal from the denial of his RCr 11.42 motion. Thus, by its very terms, *Martinez* is inapplicable.

In *Maples v. Thomas*, 132 S.Ct. 912, Maples was convicted in Alabama state court of two counts of capital murder and sentenced to death. He had two pro bono lawyers from a New York law firm that represented him in post-conviction proceedings. Pursuant to an Alabama Rule, the New York attorneys were required to associate with an Alabama attorney. The local counsel that the New York attorneys associated with made clear to the New York attorneys that he would have no involvement in the case other than allowing the New York attorneys to appear in Alabama courts pro hac vice. In August of 2001, Maples, through the pro bono attorneys, filed in the Alabama trial court a petition for post-conviction relief, asserting, *inter alia*, ineffective assistance of counsel at the guilt and penalty stages of his capital trial. In the summer of 2002, the two New York attorneys left their law firm and were unable to continue representing Maples from their new positions. However, they did not inform Maples of their departure from the firm or that they could not continue to represent him. They also did not move to withdraw from the case, in disregard of Alabama law. Additionally, no other attorneys from the New York firm in any way informed the Alabama court that there would be a change in Maples' representation.

In May of 2003, the trial court denied Maples' petition. The clerk of the court mailed copies of the order to Maples' attorneys of record. The copies addressed to the New York attorneys were returned to the clerk of the court. The local counsel received his copy, but did not act on it because

he believed that the New York attorneys would take care of filing an appeal. The time for filing a notice of appeal thus passed without any such notice of appeal being filed. Maples became aware that the deadline had passed when an Alabama assistant attorney general sent a letter directly to Maples informing him of the missed deadline. Despite making attempts to have the trial judge reissue its order denying his post-conviction motion – thus restarting the appeal period – or to have the appellate court grant him leave to file an appeal out-of-time, Maples was unable to have his appeal heard. He then filed a federal habeas petition raising the ineffective assistance of trial counsel claims he had raised in his post-conviction motion. The federal district court found that Maples had defaulted his ineffective assistance claims and did not have cause for the default under *Coleman*. A divided panel of the Eleventh Circuit affirmed.

The Supreme Court reversed, finding that based on the "uncommon facts presented" in the case, *Maples* had cause to excuse his default. *Maples*, 132 S.Ct. at 922, 927. The Supreme Court began its analysis by noting that, pursuant to its precedents, cause for a procedural default requires that something external to the petitioner prevented him from complying with a state's procedural rule. *Id.* at 922. It continued that, pursuant to *Coleman*, negligence by a post-conviction attorney does not qualify as cause because the attorney is the prisoner's agent, and the principal bears the risk of negligent conduct by his agent. *Id.* Thus, in *Coleman*, the petitioner could not rely on his post-conviction attorney having missed a filing deadline to establish cause. *Id.*

But the Supreme Court distinguished a post-conviction attorney's negligence from a situation in which "an attorney abandons his client without notice, and thereby occasions the default." *Maples*, 132 S.Ct. at 922. The Supreme Court stated that "under agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him. Nor can a client be

faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." *Id.* at 923. Under those standards, the Supreme Court found that Maples had cause for his procedural default because neither the New York attorneys or local counsel were operating as Maples' agent during the time period for him to file a notice of appeal and Maples never received notice that his attorneys had abandoned him, thus preventing him from attempting to "fend for himself." *Id.* at 924-927. The Supreme Court stated:

> Had counsel of record or the State's attorney informed Maples of his plight before the time to appeal ran out, he could have filed a notice of appeal himself or enlisted the aid of new volunteer attorneys. Given no reason to suspect that he lacked counsel able and willing to represent him, Maples surely was blocked from complying with the State's procedural rule.

*Id.* at 927.

Despite Shane's argument to the contrary, he clearly was not abandoned within the meaning of *Maples*. As is evident from the Supreme Court's opinion, its finding of abandonment by the attorneys in *Maples* was not solely premised on the fact that Maples' post-conviction attorneys stopped representing him; instead, it was equally crucial to the decision that Maples' post-conviction attorneys did not give Maples any notice that they would no longer be representing him. It was those two facts working together that rendered Maples "disarmed by extraordinary circumstances quite beyond his control." *Maples*, 132 S.Ct. at 927. In contrast to Maples, Shane's post-conviction attorney filed a timely notice of appeal and then sought leave of court to withdraw from the case. And, it is also clear that Shane was aware of his post-conviction attorney's withdrawal from the case, since he filed a pro se brief in the Kentucky Court of Appeals. Thus, Shane was not "blocked from complying" with any Kentucky procedural rule by any factors external to him, but instead had the opportunity to "fend for himself." *Id. Maples* therefore does not apply to Shane's situation.

Because neither *Martinez* nor *Maples* applies to Shane's situation, the rule announced in *Coleman* that a habeas petitioner cannot rely on the alleged ineffective assistance of post-conviction counsel to establish cause for a procedural default is fully applicable.[3] Shane therefore cannot rely on his post-conviction attorney's supposed deficiency in withdrawing from the appeal to establish cause for his procedural default.

Finally, Shane argues that if this court declines to grant his habeas petition, it should issue a certificate of appealability. He notes that *Martinez* and *Maples* are new cases that have yet to be fully explored in the lower courts. While it is true that *Martinez* and *Maples* are new cases, that does not answer the issue of whether Shane is entitled to a certificate of appealability. The question is whether reasonable jurists could find it debatable that this court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000). Put in terms of this case, the court must determine whether any reasonable jurist could find it debatable that Shane had cause for his procedural default because his post-conviction attorney withdrew, by motion and with notice to Shane, on appeal from the denial of the RCr 11.42 motion. No matter whether certain contours of *Martinez* and *Maples* may still need to be fleshed out in lower courts, it is patently clear from the language of those opinions

---

[3] In its prior opinion dismissing Shane's petition, the court cited *Edwards v. Carpenter*, 529 U.S. 446 (2000), when rejecting Shane's argument that he had cause to excuse his procedural default of the ineffective assistance of trial counsel claim. *Edwards* requires that a habeas petitioner that seeks to rely on a claim of ineffective assistance of counsel as cause to excuse the default of another claim have exhausted in state court the claim of ineffective assistance of counsel. 529 U.S. at 451-452. Shane argues that *Edwards* is inapplicable to his attempt to establish cause for procedurally defaulting his ineffective assistance of trial counsel claim because he had no forum in Kentucky court for raising a claim that his post-conviction attorney was ineffective. Respondent argues that Shane is able to raise such a claim in Kentucky courts. Regardless of which party is correct about that issue, for the reasons described in the main text, *Coleman* clearly precludes Shane from relying on his allegations of ineffective assistance of post-conviction counsel on appeal from the denial of a collateral motion in order to establish cause for his default of the ineffective assistance of trial counsel claim.

that they do not apply to Shane's situation. Accordingly, the court finds that a certificate of appealability is not warranted in this case.

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of Petitioner Timothy Carl Shane to alter or amend judgment (DN 27) is **DENIED**.

**IT IS SO ORDERED.**

August 9, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**